1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
                  AT SEATTLE

9

10   MARYLIN J. TAYLOR,                    CASE NO. C10-1472JLR

11              Plaintiff,                 ORDER

12        v.

13   KANTI MANI, et al.,

14              Defendants.

15              **I.      INTRODUCTION**

16        This matter is before the court on Defendants Kanti Mani and Elizabeth Gregory

17   Home's motion to dismiss Plaintiff Marylin J. Taylor's complaint based on lack of

18   subject matter jurisdiction, insufficient process and service of process, and failure to state

19   a claim upon which relief can be granted (Dkt. # 7), as well as Ms. Taylor's motions for

20   leave to amend her amended complaint (Dkt. # 10) and to amend service (Dkt. # 11).

21   The court has considered the motions, all submissions filed in support of and opposition

22   to each motion, as well as all of the pleadings on file.  No party has asked for oral

ORDER- 1

1    argument, and the court deems these motions appropriate for disposition without oral

2    argument.  For the reasons stated below, the court GRANTS Defendants motion to

3    dismiss (Dkt. # 7), and DENIES Ms. Taylor's motions to amend her complaint and to

4    amend service (Dkt. ## 10 & 11).

5    **II.      FACTUAL AND PROCEDURAL BACKGROUND**

6    On September 13, 2010, Ms. Taylor filed a *pro se* civil rights complaint for

7    damages under 42 U.S.C. § 1983.  (Compl. (Dkt. # 3).)  On October 7, 2010, the court

8    issued an order to show cause why the complaint should not be dismissed for lack of

9    subject matter jurisdiction.  (Order (Dkt. # 4).)  In its order, the court explained that Ms.

10   Taylor had not alleged that either of the defendants, Ms. Mani or Elizabeth Gregory

11   House, were state actors, and that purely private conduct is not actionable under 42

12   U.S.C. § 1983.  (Order at 3 (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50

13   (1999).)  In the alternative, the court ordered Ms. Taylor to file an amended complaint

14   which provided a basis for federal subject matter jurisdiction on its face.  (Order at 4.)

15   In response to the court's order, Ms. Taylor filed an amended complaint on

16   October 22, 2010.  (Am. Compl. (Dkt. # 6).)  Ms. Taylor's amended complaint contains

17   three new paragraphs of largely unintelligible legal analysis (*id.* at ¶¶ 3.2-3.4), but no

18   new factual allegations, and no new claims for relief.  Indeed, the remainder of Ms.

19   Taylor's amended complaint is nearly identical to her original complaint.  In both her

20   complaint and amended complaint, Ms. Taylor alleges that a shelter for homeless women

21   located in the basement of a church, as well as employees or volunteers of the shelter,

22   treated her unfairly by, among other things, falsely accusing her of theft, permanently

1   barring her from the facility, touching her food, and preventing her from using the

2   kitchen facilities at the shelter.  In both her original and amended complaint, Ms. Taylor

3   seeks compensatory damages in the amount of $10,000, and punitive damages in the

4   amount of $10,000.  The only specific claim cited by Ms. Taylor in either complaint is a

5   violation of her civil rights under 42 U.S.C. § 1983.

6          On November 9, 2010, Defendants filed a motion to dismiss Ms. Taylor's

7   complaint for lack of subject matter jurisdiction on the same grounds as stated in the

8   court's order to show cause.  (Mot. (Dkt. # 7) at 4-5.)  Defendants also moved for

9   dismissal on grounds that (1) service of the amended complaint by registered mail,

10  unaccompanied by a summons, and (2) service of a deficient summons, unaccompanied

11  by the original complaint, were both insufficient under Federal Rules of Civil Procedure

12  4 and 5.  (*Id.* at 5-9.)  Defendants also argued that the complaint should be dismissed for

13  failure to state a claim under 42 U.S.C. § 1983.  (*Id.* at 9-10).

14         Ms. Taylor responded to Defendants' motion to dismiss by filing a motion for

15  leave to amend her complaint (Dkt. # 10), as well as a motion for leave to amend service

16  (Dkt. # 11).

17                    **III.    ANALYSIS**

18         **A.  Motion to Dismiss Amended Complaint**

19         As previously noted in the court's order to show cause, "the mere mention of 42

20  U.S.C. § 1983 . . . does not establish jurisdiction where the complaint on its face discloses

21  the absence of an essential element of such a claim."  *Grayson v. Schriro,* No. CIV 05-

22  1749 PHX RCB, 2007 WL 91611, at *8 (D. Ariz. Jan. 11, 2007) (quoting *Rushdan v.*

*Hale,* No. C02-1325TEH(PR), 2002 WL 981863, at *1 (N.D. Cal. May 7, 2002)).  To

state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a

right secured by the United States Constitution or the laws of the United States was

violated, and (2) that the violation was committed by a person acting under color of state

law.  *West v. Atkins,* 487 U.S. 42, 48 (1988); *Gomez v. Toledo,* 446 U.S. 635, 640 (1980).

Private actors, such as the nongovernmental defendants named here, can be said to

act under color of state law only if their conduct is fairly attributable to the state.  *See*

*West,* 487 U.S. at 49; *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 351 (1974)

(actions by a private party are deemed state action if "there is a sufficiently close nexus

between the State and the challenged action" that the actions of the private persons "may

be fairly treated as that of the State itself.").  Even allowing Ms. Taylor the special

solicitude due *pro se* litigants, Ms. Taylor does not plead any facts in either her original

or amended complaint that would support a reasonable inference that Defendants are state

actors, that Defendants acted under color of state law, or that Defendants' conduct is

fairly attributable to the State.

While our Constitution guarantees many rights, access to shelter is not one of

them, nor is there any government obligation to provide housing.  *See Lindsey v. Normet,*

405 U.S. 56, 74 (1972).  As this court has previously stated, the provision of services to

the homeless by a private organization, even where subject to governmental regulation,

does not render that organization or its employees state actors.  *See Vargas v. Salvation*

*Army,* 649 F. Supp. 763, 768 (N.D. Ill. 1986) (concluding that the Salvation Army did not

perform a state function in caring for the sick and elderly, even when operating under the

1  regulation of the state); *Williams v. Crawford,* No. 88-CV-80 (TCP), 1988 WL 52198

2  (E.D.N.Y. 1988) (ruling that state regulation and state funding would be insufficient to

3  render private residential treatment center or its employees state actors under § 1983); *see*

4  *also Rendell-Bake v. Kohnr,* 457 U.S. 830, 842 (1982) ("That a private entity performs a

5  function which serves the public does not make its acts state action.").  Thus, even

6  liberally construed, and given special solicitude in light of Ms. Taylor's *pro se* status, Ms.

7  Taylor's amended complaint fails to allege any state action, and thus both fails to state a

8  claim under 42 U.S.C. § 1983 claim, and also fails to provide the court with a basis for

9  federal subject matter jurisdiction.

10        Further, even if Ms. Taylor's amended complaint could be construed to allege

11  state causes of action, federal subject matter jurisdiction would still be lacking because

12  there is no basis for the court to exercise diversity jurisdiction.  Ms. Taylor alleges that all

13  parties reside in King County, Washington.  (Am. Compl. at ¶¶ 1.1-1.2, 2.1.)  She also

14  alleges a total of $20,000 in damages, including compensatory and punitive.  (*Id.* at ¶¶

15  5.1-5.2.)  Diversity jurisdiction does not exist where the plaintiff and defendants are all

16  citizens of the same state, and where it appears from the face of the complaint that the

17  amount in controversy is less than $75,000.  *See* 28 U.S.C. § 1332.  The court, therefore,

18  grants Defendants' motion to dismiss Ms. Taylor's amended complaint on grounds that it

19

20

21

22

1  fails to state a claim under 42 U.S.C. § 1983, and consequently also fails to establish a

2  basis for the exercise of federal subject matter jurisdiction.[1]

3  **B.  Motion to Amend**

4    Ms. Taylor did not file a formal response to Defendants' motion to dismiss.

5  Instead, she filed a separate motion for leave to amend her amended complaint.  (Mot. to

6  Amend (Dkt. # 10).)[2]  In her motion to amend, Ms. Taylor acknowledges that "her

7  original and her first amended complaint carries [sic] defects."  (*Id.* at 5.)  Accordingly,

8  she seeks leave to amend her amended complaint.  (*See generally id.*)  Ms. Taylor states

9  that she would like to amend her complaint to state the "correct federal statutes,"

10  "identify each of the named defendants in their respectful positions," and to "set forth the

11  violation of Plaintiff's federal constitutional rights."  (*Id.* at 3.)  However, Ms. Taylor

12  fails to state what additional facts she intends to plead that could cure the jurisdictional

13  defects that she has acknowledged are contained in both her original and amended

14  complaint.

15    *Pro se* complaints are to be construed liberally and may be dismissed for failure to

16  state a claim only where it appears beyond doubt that the plaintiff can prove no set of

17  facts in support of her claim which would entitle her to relief.  *Weilburg v. Shapiro,* 488

18                     

19  [1] Because the court grants Defendants motion to dismiss the amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and for lack of subject matter jurisidiction under Federal Rule of Civil Procedure 12(b)(1), the court need not decide

20  Defendants' motions to dismiss under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) for insufficient service of process of the amended complaint and for insufficient process and service

21  of process of the original complaint.  (*See* Mot. at 5-9.)

22  [2] Because Ms. Taylor is proceeding *pro se*, the court construes her motion to amend as a timely response to Defendants' motion to dismiss as well.

1   F.3d 1202, 1205 (9th Cir. 2007).  Dismissal of a *pro se* complaint without leave to amend

2   is proper only if it absolutely clear that the deficiencies of the complaint could not be

3   cured by amendment.  *Id.*

4         Here, Ms. Taylor has been apprised not once, but twice, concerning the subject

5   matter jurisdiction deficiencies in her complaint and amended complaint:  once by the

6   court's order to show cause, and a second time by Defendants' motion to dismiss.  (*See*

7   Order & Mot.)  Although she filed an amended complaint in response to the court's order

8   to show cause, she did so without adding or altering a single substantive factual

9   allegation.  The only substantive difference in the amended complaint is three new

10  paragraphs, which contain nothing more than a confusing array of legal assertions and

11  conclusions.  (*See* Am. Compl. at ¶¶ 3.2-3.4.)  They add no new factual allegations.  (*See*

12  *id.*)  As such, they are not entitled to the assumption of truth afforded all well-pled factual

13  allegations, and are insufficient to defeat Defendants' motion to dismiss.  *Halkin v.*

14  *VeriFone Inc. (In re Verifone Sec. Litig.),* 11 F.3d 865, 868 (9th Cir. 1993)

15  ("[C]onclusory allegations of law . . . are insufficient to defeat a motion to dismiss for

16  failure to state a claim.").

17        Further, Ms. Taylor's present motion for leave to amend fails to describe how she

18  plans to amend her amended complaint to state a valid claim or to provide the court with

19  subject matter jurisdiction.  (*See generally* Mot. to Amend.)   Because Ms. Taylor has

20  already failed once to successfully amend her complaint after being apprised by the court

21  concerning its specific deficiencies, and because she has failed to explain how she would,

22  if granted leave, amend her amended complaint to address the same issues presented by

1  Defendants' motion to dismiss, it is clear that granting her leave to amend again would be

2  futile.  *See, e.g., Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2nd Cir. 2000) (finding leave to

3  replead following dismissal was properly denied where *pro se* plaintiff, through counsel

4  on appeal, suggested no new material she wished to plead); *Alsaifullah v. Travis*, 160 F.

5  Supp. 2d 417, 421 (E.D.N.Y. 2001) (denying leave to amend given that amended

6  complaint provided *pro se* plaintiff a second opportunity to plead sufficiently the facts

7  supporting his § 1983 claim).  Thus, the court denies her motion to amend.

8        **C.  Motion to Amend Service**

9        Finally, Ms. Taylor has also moved for leave to amend service.  The court notes

10  that, except for the bald statement that "Plaintiff had some defects in her initial service,"

11  Ms. Taylor has filed nothing in support of her motion – neither a legal memorandum, nor

12  factual declarations or support.  In any event, because the court has already ruled that Ms.

13  Taylor's complaint and amended complaint should be dismissed for lack of subject

14  matter jurisdiction, and because the court has denied her motion to amend her amended

15  complaint, the court denies Ms. Taylor's motion to amend service as moot.

16        **IV.    CONCLUSION**

17        For the foregoing stated reasons, the court GRANTS Defendants' motion to

18  dismiss (Dkt. # 7), and DENIES Ms. Taylor's motions to amend her amended complaint

19

20

21

22

ORDER- 8

1 │ and to amend service (Dkt. ## 10 & 11).

2 │      Dated this 11th day of January, 2011.

3

4

5 │ _____

6 │ JAMES L. ROBART
  │ United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER- 9